**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL PAUL HANDLESON, | No. 19-35187 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00216-BLW |
| v. | |
| CORIZON REGIONAL MEDICAL DIRECTOR; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Idaho state prisoner Michael Paul Handleson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a district court's summary judgment for failure to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Handleson's claims against defendants Poulson, McCall, and Gelok because Handleson failed to exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (setting forth circumstances when administrative remedies are effectively unavailable); *Albino*, 747 F.3d at 1171-72 (requiring inmates to exhaust administrative procedures prior to filing suit in federal court).

Summary judgment on Handleson's claim against defendant Young was proper because Handleson failed to file his action within the applicable statute of limitations period. *See* Idaho Code § 5-219(4) (two-year statute of limitations for personal injury actions); *Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983

2                                                                    19-35187

claims; federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**